## COUNTY OF FRANKLIN.

### HAYDEN *versus* BARTLETT.

Ordinarily, the measure of damage in trover for unrestored property is the value of it at the time of its conversion, with interest.

To a statement, made by the Judge to the jury, of what facts, in his view, the evidence proved, exceptions do not lie.

ON EXCEPTIONS from *Nisi Prius,* WELLS J., presiding.

TROVER for a pair of steers. The plaintiff had the steers in a pasture by the road side. The defendant's drove of cattle passed along the road, and the plaintiff's steers were soon afterwards missed. There was evidence tending to show, that they had gotten into the drove. The defendant requested instruction to the jury, that in order to recover for them,

the plaintiff must prove a conversion. This instruction was given, together with a remark by the Judge, that "there was no doubt the defendant sold the steers, if they were in the drove, as there was no evidence that they had been turned out."

The Judge also instructed the jury that, if the verdict should be for the plaintiff, the damage should be the value of the steers at the time of the conversion, with a sum as damage for the detention equal to the interest on the value from that time.

The verdict was for the plaintiff, and the defendant excepted.

*Webster*, for the defendant.

*Cutler*, for the plaintiff.

HOWARD, J. — A party cannot except to instructions given at his request. Those upon the subject of proof of conversion, in this case, were desired by the defendant, and they were clearly correct.

The remarks of the presiding Judge, accompanying those instructions, had reference to the state of facts assumed, or appearing at the trial, and could not have misled the jury, or in any manner affected the rights of the defendant unfavorably. If considered as an expression of his opinion, or a commentary upon the facts, it embraced no directions to the jury, and afforded them no rule of action, and is not subject to exceptions. It was not any opinion, direction or judgment, or any order, ruling, decision or decree of the Judge, involving a question of law or equity, to which exceptions could be alleged. R. S. c. 96, § 17; Stat. 1852, c. 246, § 6, 8, 11; *Clapp* v. *Balch*, 3 Maine, 216; *Gilbert* v. *Woodbury*, 22 Maine, 246; *Bank* v. *Johnson*, 24 Maine, 490; *Loud* v. *Pierce*, 25 Maine, 233; *Carver* v. *Jackson*, 4 Peters, 80.

The measure of damages in *trover*, is ordinarily, in this State, and in the United States generally, where there has been no restoration, the value of the property at the time of the conversion, with interest from that time. The instruc-

tions appear to have been in accordance with this well settled rule, and were not erroneous. *Greenfield* v. *Leavitt*, 19 Pick. 3; *Johnson* v. *Sumner*, 1 Met. 179; *Baker* v. *Wheeler*, 8. Wend. 505; *Stevens* v. *Low*, 2 Hill, 132.

*Exceptions overruled.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.